UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MALIBU MEDIA, LLC,

    Plaintiff,

v.                                                                          Case No:  2:12-cv-558-Ftm-99SPC

JOHN DOES 1-29,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This matter comes before the Court on John Doe #17's Combined Motion to Quash and Motion to Sever (Doc. #8), John Doe #14's Motion to Dismiss/Sever, for Reconsideration, and for a Protective Order and/or to Quash Subpoena (Doc. #9), and John Doe #11's Motion to Dismiss/Sever, for Reconsideration, and for a Protective Order and/or to Quash Subpoena (Doc. #11) filed on March 6, 2013.  Plaintiff's Memorandums in Opposition (Docs. #14, 15, 16) were filed on March 20, 2013.  The district judge has referred the motions for issuance of a Report and Recommendation.  See 28 U.S.C. § 636.  Upon review of the Motions, the John Doe Defendants have set forth nearly identical arguments and therefore the Court will consider them all below.

      On October 10, 2012, Malibu Media, LLC, a California corporation, filed the instant copyright infringement action (Doc. # 1) alleging that each of the 29 John Doe Defendants is liable for direct copyright infringement in violation of 17 U.S.C. § § 106 and 501 and contributory copyright infringement. Plaintiff alleges that the Doe Defendants unlawfully copied and distributed the motion picture entitled "Transcendence", over the Internet.  Subsequently,

Plaintiff filed a Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference (Doc. # 3) in order to take early discovery. As grounds for taking early discovery, Plaintiff alleged that each of the Defendants' acts of copyright infringement occurred using an Internet Protocol ("IP") address traced to a physical address located within the Middle District of Florida. Plaintiff requested that the Court allow it to serve Federal Rule 45 subpoenas on certain Internet Service Providers ("ISPs") to obtain identifying information for the John Doe Defendants such as their addresses so that Plaintiff could complete service of process on them. Plaintiff asserted that the first step in this case was learning the identity of the subscribers whose IP addresses were used to commit an infringement.

On October 30, 2012, this Court granted Plaintiff's request to take early discovery (Doc. # 4) and allowed Plaintiff to serve each of the ISPs with a Rule 45 subpoena commanding each ISP to provide Plaintiff with the true name, address, telephone number, e-mail address, and Media Access Control address of the Defendant to whom the ISP assigned an IP address as set forth in Exhibit A to that Motion. Apparently these subpoenas were served on the Internet Service Providers, which in turn gave notice to their "customers"—i.e., the John Doe Defendants—that the ISP had received the subpoena. Certain John Doe Defendants have filed motions to quash the subpoenas and/or motions to dismiss them from the action.

John Does #11, 14, and 17 filed the instant motions to quash and motion to sever for improper joinder; or in the alternative, to quash the subpoena and/or for protective order based upon the same grounds. Thus, the issue presently before this Court is whether this action should proceed against the Doe Defendants collectively or whether the individual actions should be severed.

### A. Whether Joinder is Proper

With regard to improper joinder, under the Federal Rules:

> [a]ll persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. All persons (and any vessel, cargo or other property subject to admiralty process in rem) may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

Fed. R. Civ. P. 20(a). Joinder of parties is generally encouraged in the interest of judicial economy, subject to fulfillment of two prerequisites: the persons who join as plaintiffs or who are joined as defendants must be interested in claims that arise out of the same transaction or occurrence, or series of transactions or occurrences; and all the parties joined must share in common at least one question of law or fact. A.M. Alexander v. Fulton County, Georgia, 207 F.3d 1303, 1323 (11th Cir. 2000).

In the present case, the Plaintiff alleges that Defendants John Does each used the BitTorrent file-sharing protocol to illegally distribute the Plaintiff's copyrighted work. Plaintiff further asserts that the nature of a BitTorrent protocol is that any "seed peer" that has downloaded a file prior to the time a subsequent peer downloads the same file is automatically a source for the subsequent peer so long as that first seed peer is online simultaneously. In this case, Plaintiff alleges that all Doe Defendants utilized an identical or nearly identical torrent P2P protocol to illegally infringe Plaintiff's one copyrighted work. Additionally, Plaintiff asserts that

3

the evidence that will serve as the basis of Plaintiff's claims against all Doe Defendants arose from the same investigation by the third-party technology company utilized by Plaintiff. Further, Plaintiff alleges that its movies have been initially seeded several times. Each seeding produces its own independent swarm.

Based on these allegations, the Court recommends that Plaintiff's claims against the Defendants are logically related. Each John Doe Defendant is a possible source for the Plaintiff's work, and may be responsible for distributing the movie to other John Doe Defendants, who are also using the same file-sharing protocol to copy the identical copyrighted material. While the Defendants may be able to rebut these allegations later, the Plaintiff has sufficiently alleged that its claims against the Defendants potentially stem from the same transaction or occurrence and are logically related. Further, Fed. R. Civ. P. 20(a)(2)(B) requires the Plaintiff's claims against the Defendants to contain a common question of law or fact. In each case, the Plaintiff will have to establish against each Defendant the same legal claims concerning the validity of the copyrights in the work at issue and the infringement of the exclusive rights reserved to the Plaintiff as the copyright holder. The Court recognizes that each Defendant may later present different factual and substantive legal defenses, but that does not defeat, at this stage of the proceedings, the commonality in facts and legal claims that support joinder under Rule 20(a)(2)(B). While the Court is mindful that courts across the nation "are in conflict over whether downloading and sharing a file using BitTorrent protocol constitutes the same transaction, occurrence, or series of transactions or occurrences," <u>Bubble Gum Prods., LLC v. Does 1-80</u>, No. 12-20367-CIV, 2012 WL 2953309, at *3 (S.D. Fla. July 19, 2012); see also <u>Patrick Collins, Inc. v. Doe 1</u>, No. 12-cv-1154, 2012 WL 5879120, at *7 (E.D.N.Y. Nov. 20, 2012), courts in this District have found in cases such as this that "because joinder rules are

interpreted broadly, the claims are 'logically related,' and they constitute a series of transactions or occurrences sufficient for permissive joinder under Rule 20(a)(2)." Malibu Media, LLC v. Does 1–28, 8:12–cv–1667–JDW–MAP (Doc. # 22), at 9 (M.D. Fla. Dec. 6, 2012). Thus, the undersigned recommends that joinder is proper.

### B. Severance is Appropriate Under Rule 21

This lawsuit is one of the many that have been filed in the Middle District of Florida throughout the last couple of years and one of the hundreds of lawsuits of this kind filed throughout the nation. On December 6, 2012, the Honorable James D. Whittemore, United States District Judge, entered a detailed Order finding that permissive joinder was proper and went on to address the issue of severance in the context of a similar copyright infringement case based on BitTorrent file sharing. See Malibu Media, LLC v. Does 1-28, 8:12-cv-1667-JDW-MAP (Doc. # 22). Under facts nearly identical to those presented here, Judge Whittemore concluded that "joinder is technically proper under Rule 20(a)," but that such joinder of Doe Defendants as "users in the same BitTorrent swarm" frustrated the purpose of the Federal Rules of Civil Procedure. Id. at 5, 7. Thus, Judge Whittemore severed the individual cases pursuant to Rule 21, Fed.R.Civ.P., after considering the deleterious impact of joinder on the parties and on the judicial system.[1] Since that time, judges throughout the Middle District of Florida have severed cases such as this. See Malibu Media, LLC v. Does 1, 2, 4-7, 11, 16, 17, & 21, No. 3:12-cv-575-J-34TEM, 2013 WL 525352, at *4-5 (M.D. Fla. Feb. 13, 2013); Bait Productions Pty Ltd. v. Does 1-96, No. 6:12-cv-1780-Orl-37DAB, 2013 WL 440568, at *2-3 (M.D. Fla. Feb. 5, 2013); Dead Season, LLC v. Does 1-13, No. 8:12-cv-2436-T-33EAJ, 2013 WL 424131, at *1-2 (M.D. Fla. Feb. 4, 2013); Malibu Media, LLC v. John Does 1-26, No. 8:12-cv-1665-T-33TGW, 2013 WL 388699, at *2 (M.D. Fla. Jan. 31, 2013); Malibu Media, LLC v. John Does

---

[1] Federal Rule 21 permits the Court to "sever any claim against a party."

1-27, No. 8:12-cv-1764-T-33TGW, 2013 WL 388704, at *2 (M.D. Fla. Jan. 31, 2013); Malibu Media, LLC v. John Does 1-24, No. 2:12-cv-425-UA-DNF, 2013 WL 105094, at *3-4 (M.D. Fla. Jan. 9, 2013); Malibu Media, LLC v. John Does 1-67, No. 2:12-cv-267-UA-SPC, 2012 WL 6720989, at *1 (M.D. Fla. Dec. 27, 2012). After due consideration, this Court joins in the sound reasoning of these judges and recommends that the claims in this case be severed pursuant to Federal Rule 21.

Severing the individual claims asserted in this action is necessary to promote judicial economy and to ensure effective case management. Given the nature of this case, the Court anticipates that the motions filed by each of the Doe Defendants and the defenses asserted during the course of the cases are likely to be highly-individualized and fact-intensive. Indeed, identified only by their IP addresses, and linked only by their participation in a cyber "swarm," the Court foresees that each Doe Defendant may assert unique challenges to the Court's jurisdiction and other factually diverse arguments and defenses. See Bubble Gum Prods., LLC v. Does 1–80, No. 12-cv-20367, 2012 WL 2953309, at *4 (S.D. Fla. July 19, 2012) ("[T]he variety of individualized defenses that can be raised creates judicial inefficiency when numerous defendants are joined."); Malibu Media, LLC v. Does 1, 2, 4-7, 11, 16, 17, & 21, No. 3:12-cv-575-J-34TEM, 2013 WL 525352, at *4-5 (M.D. Fla. Feb. 13, 2013) ("Because Plaintiff may only obtain the identity of the subscriber to the IP address, which may be shared by multiple users, including unauthorized ones, there is a real risk of false positives, and the joinder and identification of defendants by IP address would lead to cumbersome motion practice and, ultimately, mini-trials involving different testimony and evidence.") (internal quotations omitted); CineTel Films, Inc. v. Does 1-1,052, 853 F. Supp. 2d 545, 554 (D. Md. 2012) ("To maintain any sense of fairness, each individual defendant would have to receive a mini-trial,

involving different evidence and testimony. The enormous burden of a trial like this ... would substantially prejudice defendants and the administration of justice.").

Furthermore, as noted by Judge Whittemore: "The only economy that litigating these cases as a single action would achieve is an economy to plaintiff-the economy of not having to pay a separate filing fee for each action brought." No. 8:12–cv–1667–JDW–MAP (Doc. # 22 at 11) (citations omitted). Here, in an action initially filed against twenty-nine Doe Defendants, Malibu Media paid a single filing fee of $350.00, rather than $10,150.00, the amount that would be required to bring twenty-nine separate actions. Filing fees not only provide crucial funding for the operation of the Court, but also serve as a deterrent to the filing of frivolous suits. See In re McDonald, 489 U.S. 180, 184, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989) (explaining that filing fees provide a threshold barrier against the filing of frivolous actions and garner much needed revenue for the courts). Severance of the individual claims in this matter is essential to preserve the purpose of the filing fee as mandated by 28 U.S.C. § 1914(a).

In conclusion, the Court recommends that to jointly try these disparate actions would contravene judicial economy, inhibit effective case management, and cause significant prejudice to the joined Doe Defendants and to the Court. Therefore, in addition to dismissing John Does #17, 14, and 11, this Court recommends that the District Court dismiss John Does # 2, 3, 5-10, 12, 13, 15, 16, and 18-23, 25-29 from this case without prejudice, leaving John Doe #1 as the only defendant.[2]  Malibu Media will have the option of filing suits against each of these

---

[2] Plaintiff has settled with John Does #4 and 24 and is requesting that the Court voluntarily dismiss them from this action **with prejudice**. (Docs. #5, 17).

individual Doe Defendants separately and is required to pay the filing fee in connection with each individual suit it chooses to file.[3]

Accordingly, it is now **RESPECTFULLY RECOMMENDED:**

(1) John Doe #17's Combined Motion to Quash and Motion to Sever (Doc. #8) be **GRANTED** to the extent that John Doe #17 be **SEVERED** from this action and **DISMISSED without prejudice**.

(2) John Doe #14's Motion to Dismiss/Sever, for Reconsideration, and for a Protective Order and/or to Quash Subpoena (Doc. #9) be **GRANTED** to the extent that John Doe #14 be **SEVERED** from this action and **DISMISSED without prejudice**.

(3) John Doe #11's Motion to Dismiss/Sever, for Reconsideration, and for a Protective Order and/or to Quash Subpoena (Doc. #11) be **GRANTED** to the extent that John Doe #11 be **SEVERED** from this action and **DISMISSED without prejudice**.

(4) Further, the Court recommends based on the above that John Does #2, 3, 5-10, 12, 13, 15, 16, and 18-23, 25-29 be severed and dismissed without prejudice, leaving John Doe #1 as the only Defendant.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this 4th day of April, 2013.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record

---

[3] As John Doe #1 will be the only remaining Defendant, a previous Order of the Court allowed Plaintiff until **April 15, 2013** to serve the Doe Defendants. (Doc. #13). Plaintiff shall have until this date to serve John Doe #1.